IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KRISTIN DOWD**,<br><br>                Plaintiff,<br><br>v.<br><br>**CATALYST CAMPUS FOR TECHNOLOGY AND INNOVATION**,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:23-CV-33-JNP-DAO<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Plaintiff sued Defendant in state court, alleging wrongful termination. ECF No. 1-1, at 4. After Plaintiff amended her complaint, ECF No. 1-1, at 39, Defendant removed the action to this court, ECF No. 1. Defendant now moves to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief may be granted. ECF No. 4.

**LEGAL STANDARD**

In considering a motion to dismiss under the Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "look[s] for plausibility in th[e] complaint." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations and internal quotation marks omitted). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) ("Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient.") (citation omitted). Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is

appropriate where the plaintiff fails to "state a claim upon which relief can be granted" when "accept[ing] as true all well-pleaded factual allegations in the complaint and view[ing] them in the light most favorable to the plaintiff." *Burnett*, 706 F.3d at 1235 (citing Fed. R. Civ. P. 12(b)(6)).

**ANALYSIS**

Plaintiff's amended complaint states four causes of action, each of which Defendant urges the court to dismiss pursuant to Rule 12(b)(6). ECF No. 4. Defendant argues that Plaintiff's second and third causes of action, arising under the Defense Contractor Whistleblower Protection Act ("DCWPA"), 10 U.S.C. § 2409, and the National Defense Authorization Act ("NDAA"), 41 U.S.C. § 4712, should be dismissed because Plaintiff failed to plead that she exhausted her administrative remedies. Defendant then argues that Plaintiff's cause of action arising under the False Claims Act ("FCA"), 31 U.S.C. § 3729, is subject to dismissal as a result of Plaintiff's failure to adequately plead that she engaged in protected activity or that Defendant was on notice of such activity. Finally, Defendant insists that Plaintiff failed to state a claim for wrongful termination in violation of public policy because she did not allege any statutory violation. The court addresses these arguments in turn.

    **I.**    **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Both the DCWPA and the NDAA require a Plaintiff to exhaust her administrative remedies prior to filing an action in the district court. Plaintiff contests this conclusion, arguing that the statutes merely state that a person who believes they have been unlawfully retaliated against under either act "*may*" submit an administrative complaint. ECF No. 11, at 3–4. Yet both Acts authorize a complainant to bring suit only if she has exhausted her administrative remedies.[1] Courts have

---

[1] The DCWPA and NDAA impose the requirement to exhaust administrative remedies with identical language to one another: "If the head of an executive agency issues an order denying relief under paragraph (1) or has not issued an order within 210 days after the submission of a complaint under subsection (b), or in the case of an extension of time under paragraph (b)(2)(B), not later than 30 days after the expiration of the extension of time, and there is no

routinely followed the statutes' plain language by requiring a Plaintiff under the DWCPA or the NDAA to exhaust her administrative remedies prior to filing suit.[2] Because Plaintiff has made no effort to allege or argue that she exhausted her administrative remedies before filing her complaint, Defendant is correct: Plaintiff's second and third causes of action are subject to dismissal pursuant to Rule 12(b)(6). Defendant's motion to dismiss is granted with respect to Plaintiff's DWCPA and NDAA claims.

## II. FAILURE TO PLEAD NOTICE OF ENGAGEMENT IN PROTECTED ACTIVITY

Plaintiff's fourth cause of action alleges retaliation in violation of the FCA. ECF No. 1-1, at 51 (citing 31 U.S.C. § 3730). Plaintiff's FCA retaliation claim requires her to allege (1) that she "engaged in protected activity," (2) that her employer "was put on notice of that protected activity," and (3) that her employer retaliated against her "because of that activity." *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 79 F.4th 1262, 1270 (10th Cir. 2023) (citation omitted).

Until 2009, FCA "protected activity" included only "lawful acts done by the employee . . . in furtherance of an action under this section [i.e., a *qui tam* suit]." *See United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, No. 2:12-CV-00381-JNP-CMR, 2022 U.S. Dist. LEXIS 56962, at *4–5 (D. Utah Mar. 25, 2022) (quoting *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019)) (alteration in original). In 2009, Congress expanded the

---

showing that such delay is due to the bad faith of the complainant, the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint, and the complainant may bring a de novo action at law or equity . . . in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy." *See* 10 U.S.C. § 4701(b)(1); 41 U.S.C. § 4712(b)(1).

[2] *See, e.g., Moore v. Univ. of Kan.*, 118 F. Supp. 3d 1242, 1252–54 (D. Kan. 2015) (holding that the NDAA requires exhaustion of administrative remedies as a jurisdictional requirement); *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 565 (E.D.N.C. 2013) (recognizing administrative exhaustion as a jurisdictional requirement under the DCWPA); *Iovino v. Michael Stapleton Assocs.*, Ltd., 600 F. Supp. 3d 610, 618–19 (W.D. Va. 2022) (holding that the NDAA required an exhaustion of administrative remedies before the court could hear plaintiff's claim); *Quinn v. Booz Allen Hamilton, Inc.*, No. 3:14cv111, 2014 WL 12323684, at *3–4 (N.D. Fla Dec. 2, 2014) (holding that exhaustion of administrative remedies is not a jurisdictional requirement under the DWCPA, but that "a plaintiff's failure to exhaust his administrative remedies may nonetheless subject the claim to dismissal for failure to state a claim").

statutory definition of protected activity to "protect employees who take 'lawful' actions 'in furtherance of *other efforts to stop [one] or more violations*' of the [FCA]." *Id.* (quoting *Reed*, 923 F.3d at 765) (alteration in original). The following year, Congress amended the definition another time, including "an employee's 'lawful' acts 'in furtherance of' *either* 'an action' under the [FCA] 'or other efforts to stop [one] or more violations of' the [FCA]" in the Act's definition of protected activity. *Id.* (emphasis and alterations in original). The "protected activity" prong of Plaintiff's FCA retaliation claim therefore requires her only to allege that she lawfully tried to stop one or more FCA violations "without regard to whether [her] conduct advances a private or government lawsuit under the [FCA]." *See United States ex rel. Sorenson v. Wadsworth Bros. Constr. Co.*, 2020 U.S. Dist. LEXIS 233518, at *6 (D. Utah Dec. 10, 2020) (quoting *Reed*, 923 F.3d at 765).

Relatedly, the second element of Plaintiff's FCA claim—notice—requires Plaintiff's actions to "have conveyed to [her employer] that [s]he was attempting to stop [her employer] from (1) engaging in fraudulent activity to avoid paying the government an obligation or (2) claiming unlawful payments from the government." *Id.* at 1271 (citing 31 U.S.C. § 3730(h)(1)). Specifically, Plaintiff "has the burden of pleading facts which would demonstrate that defendants had been put on notice that plaintiff was either taking action in furtherance of a private *qui tam* action or assisting in an FCA action brought by the government." *McBride v. Peak Wellness Ctr., Inc.*, 688 F.3d 698, 704 (10th Cir. 2012). Thus, the notice prong of Plaintiff's claim satisfies the requirement that "the protected activity itself must have a nexus to the FCA[.]" *Barrick*, 79 F.4th at 1271. While an effort to stop an FCA violation may constitute protected activity regardless of its relation to advancing a private or government lawsuit under the FCA, the notice element of Plaintiff's claim specifically requires her to allege that she notified her employer that her conduct was in furtherance of a private or government lawsuit under the FCA.

4

Plaintiff's amended complaint alleges that Plaintiff noticed improper billing practices and that she "raised this concern" with "Scott Lamphear, a member of CCTI's board of directors" and "reported . . . this illegal conduct to CCTI's chief executive officer Patrick Barrett[.]" ECF No. 1-1, at 46–48. These statements alone appear insufficient to adequately allege that Plaintiff engaged in protected activity. But the court need not determine whether Plaintiff adequately plead that element of her FCA claim, because the court also finds that her allegations are insufficient to state a plausible claim that Defendant was adequately put on notice of her alleged protected activity. *See McBride*, 688 F.3d at 704 (holding that the notice element of an FCA retaliatory discharge claim requires a plaintiff to plead facts "which would demonstrate that defendants had been put on notice that plaintiff was either taking action in furtherance of a private qui tam action or assisting in an FCA action brought by the government"). Plaintiff does not allege that she informed either Mr. Lamphear or Mr. Barrett that she was "attempting to stop" their alleged unlawful practices via a private *qui tam* action or by assisting in a government FCA action—she alleges only that she raised and reported her concerns before she was terminated. *Id.* Defendant's motion to dismiss this claim is therefore granted because Plaintiff's second amended complaint does not state an FCA claim upon which relief may be granted.

### III.    SUPPLEMENTAL JURISDICTION

Having dismissed all federal claims, only Plaintiff's state law claim alleging wrongful termination in violation of public policy remains. Because Defendant removed this matter to federal court on the basis of federal question jurisdiction, ECF No. 1, at 3, the court must decide whether to exercise supplemental jurisdiction or instead decline to exercise subject matter jurisdiction. The court declines to do so.

Supplemental jurisdiction covers claims so related to federal claims that they are part of

the same case or controversy under Article III, in that they derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Pettigrew v. Oklahoma ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013). Even where that standard is met, however, district courts may—and "usually should"—decline supplemental jurisdiction after "dismiss[ing] all claims over which it has original jurisdiction[.]" *See Artis v. District of Columbia*, 583 U.S. 71, 76 (2018) (quoting § 1367(c)); *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). Out of consideration for notions of federalism and comity, and finding no "compelling reasons to the contrary[,]" the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

**ORDER**

Consistent with this Memorandum Decision and Order, the court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 4). Plaintiff's Complaint is **DISMISSED** without prejudice.

Signed December 15, 2023

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge